IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRIS ELROY LOVELESS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-24-00593-JD |
| ) | |
| STATE OF OKLAHOMA, ) | |
| GRADY COUNTY DISTRICT ) | |
| ATTORNEY, and GRADY COUNTY ) | |
| DETENTION CENTER, ) | |
| ) | |
| Respondents. ) | |

## ORDER

Before the Court is the Report and Recommendation [Doc. No. 11] issued by United States Magistrate Judge Amanda Maxfield Green on August 27, 2024, under 28 U.S.C. § 636(b)(1)(B). Judge Green recommends that Petitioner Chris Elroy Loveless's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1] be dismissed as moot. Judge Green advised Loveless of his right to object to the Report and Recommendation on or before September 17, 2024. Loveless timely objected. [Doc. No. 13]. Having reviewed *de novo* the record in this action, including the petition, Report and Recommendation, objection, and supplement [Doc. Nos. 1, 11, 12, and 13], the Court accepts the Report and Recommendation and dismisses without prejudice Loveless's action as moot and denies his Motion to Compel [Doc. No. 14] as moot.

**I.   Background**

On July 6, 2022, Loveless was charged with one count of trafficking in illegal drugs and two counts of distribution of controlled dangerous substance, including

possession with intent to distribute, in the District Court of Grady County, Oklahoma. *Oklahoma v. Loveless*, CF-2022-00165.[1] He was released from detention after posting bond, but later, his bond was revoked because of his failure to abide by the rules and conditions of bond and for repeatedly contacting an endorsed witness of the State to prevent or change her testimony. *Id.* The Grady County District Court raised Loveless's bond from $25,000 to $125,000. *Id.* Loveless challenged the bond revocation by filing a Motion to Reconsider Basis for Revoke Previous Bond in the Grady County District Court; the court did not address the motion. *Id.*; *see also* [Doc. No. 13 at 2]. Loveless later challenged the revocation in a habeas corpus petition he filed with the Oklahoma Court of Criminal Appeals ("OCCA"), which declined jurisdiction. *Loveless v. Oklahoma*, HB-2024-430.

Loveless then mailed this petition for habeas corpus on June 4, 2024. [Doc. No. 1].[2] Loveless's petition states three grounds for habeas relief. For Ground One, Loveless alleges that the revocation of his bond for a condition violation and the raising of his bond resulted in a "violation [of the] 8th Amendment or excessive bail per United States

---

[1] The Court takes judicial notice of Loveless's state court proceedings because they are directly related to his federal habeas corpus petition at issue here. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

[2] This is one of seven habeas actions filed by Loveless in this Court; including this action, three of these are currently pending. *See* 24-cv-00593-JD (§ 2241 action); 24-cv-01174-JD (§ 2254 action); 24-cv-01234-JD (§ 2254 action). Loveless also has filed six 42 U.S.C. § 1983 complaints, five of which are currently pending. *See* 24-cv-00594-JD; 24-cv-00696-JD; 24-cv-00879-JD; 24-cv-00992-JD; 24-cv-01235-JD.

and Oklahoma Constitution." [Doc. No. 1 at 8]. Ground Two alleges "[e]xcessive bail, no condition agreement, mental evaluation, completed week before bond release at a [*Faretta*] hearing, found competent to represent pro se." *Id.* Lastly, for Ground Three, Loveless states: "Failed to give urine specimen, but is no condition agreement[.] I tried to complete this voluntarily." *Id.* In support, Loveless states that the drug testing agency asked him to provide a urine sample and informed him that he needed paperwork from the state district court or district attorney, but he did not have the necessary paperwork. *Id.* at 9. For relief, Loveless asks for his original bail amount to be reinstated and to be released on bail. *Id.*

After filing his petition with this Court, Loveless entered a plea of guilty in state court on August 2, 2024. *Oklahoma v. Loveless*, CF-2022-00165. The state court accepted his guilty plea to the charges of trafficking in illegal drugs and possession with intent to distribute. *Id.* The Grady County District Court issued a judgment and sentence on August 23, 2024, and an amended judgment and sentence (that appears substantively identical) on November 1, 2024. *Id.* After he entered his guilty plea, Loveless filed several motions to withdraw his plea, which the court overruled on October 17, 2024. *Id.* Loveless also filed various petitions with the OCCA; as to each petition, the OCCA either denied his request for extraordinary relief or declined to exercise jurisdiction.[3]

---

[3] *See Loveless v. Oklahoma*, MA-2024-606; *Loveless v. Oklahoma*, HB-2024-662; *Loveless v. Oklahoma*, MA-2024-663; *Loveless v. Oklahoma*, PR-2024-675; *Loveless v. Oklahoma*, MA-2024-683; *Loveless v. Oklahoma*, MA-2024-722; *Loveless v. Oklahoma*, MA-2024-891.

**II.   Discussion**

Loveless objects to the Report and Recommendation, arguing in part that his "conviction does not exist and habeas is not 'moot,'" presumably because Loveless "withdrew the guilty plea." [Doc. No. 13 at 6]. According to Loveless, he "has not been convicted and is still a legal pretrial detainee." *Id.* That is not the case.

As noted by the Report and Recommendation, Loveless properly filed his petition under 28 U.S.C. § 2241 because, at the time of filing, Loveless was in pretrial detention and had not yet pleaded guilty to the charges against him. [Doc. No. 11 at 4]. Section 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." The Tenth Circuit has made clear that "a state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241." *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007).

"Mootness," however, "is a fundamental bar to judicial review that must be accounted for at all stages of a proceeding, and applies in habeas as in any other type of litigation." *Miller v. Glanz*, 331 F. App'x 608, 610 (10th Cir. 2009) (unpublished). In the context of § 2241 pretrial-custody petitions, "such petitions become moot upon the conviction of the petitioner." *Id.* Thus, when the Grady County District Court issued its judgment after Loveless pleaded guilty, the claims in Loveless's petition became moot because he was no longer in pretrial detention. If Loveless's argument that the "conviction does not exist" refers to his motion to withdraw his guilty plea, that argument

is unavailing because the state court overruled his motions to withdraw and issued an amended judgment and sentence. *Oklahoma v. Loveless*, CF-2022-00165. Further, although a "pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the Court will "not endeavor to recast [Loveless's] moot § 2241 petition to fall within § 2254, where the result would be procedurally problematic and practically prejudicial," *Miller*, 331 F. App'x at 610–11. Accordingly, the Court dismisses Loveless's claims without prejudice. *See Brown v. Buhman*, 822 F.3d 1151, 1165, 1179 (10th Cir. 2016).

In addition, like Judge Green, the Court is not clear what Loveless intends to allege in Ground Three. To the extent he challenges the initial conditions of his bond or asserts his attempt to comply with the conditions,[4] his claim is moot for the reasons given above. To the extent these allegations are an attempt to bring some other claim, Ground Three is dismissed because it contains only factual allegations rather than a legally cognizable claim for habeas relief.

### III.  Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts,[5] "[t]he district court must issue or deny a certificate of appealability when

---

[4] His objection suggests that this is his claim. *See* [Doc. No. 13 at 1–2, 4] (arguing over the urine testing being a bond condition violation).

[5] Although the Rule governs cases filed under 28 U.S.C. § 2254, Rule 1(b) authorizes the Court to "apply any or all of these rules to a habeas corpus petition not" filed under § 2254.

5

it enters a final order adverse to the applicant." To obtain a certificate of appealability, Loveless must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *cf. Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (reading § 2253(c)(1)(A) as "applying whenever a state prisoner habeas petition relates to matters flowing from a state court detention order" under § 2241). Loveless can satisfy this standard by demonstrating that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted). After considering this Order, the Report and Recommendation, and the record, the Court finds that reasonable jurists could not debate the Court's determination that Loveless's habeas petition is moot. Because Loveless cannot make the required showing, the Court declines to issue a certificate of appealability.

## IV. Conclusion

The Court ACCEPTS the Report and Recommendation [Doc. No. 11] and DISMISSES Loveless's § 2241 petition without prejudice. Because the Court dismisses this action, Loveless's Motion to Compel [Doc. No. 14] is denied as moot.

IT IS SO ORDERED this 31st day of December 2024.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE